Filed 9/30/24  P. v. Haller CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C098778 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 05F3600, 03F3515) |
| v. | |
| JAMES DANIEL HALLER, | |
| Defendant and Appellant. | |

Defendant James Daniel Haller appeals from his Penal Code section 1172.75 resentencing.[1]  He asserts the matter must be remanded, as the trial court should have performed a full resentencing rather than simply striking his no longer valid one-year prior prison term enhancements.  The People concede the error.  We will remand for a full resentencing pursuant to section 1172.75.

---

[1]  Undesignated statutory references are to the Penal Code.

## I. BACKGROUND

The substantive facts underlying defendant's conviction are not relevant to our disposition and are therefore not recounted here.

In Shasta County case No. 05F3600, an amended information charged defendant with: four counts of making criminal threats (§ 422—counts 1, 2, 3, & 4), assault with a deadly weapon (§ 245, subd. (a)(1)—count 5), and stalking (§ 646.9, subd. (a)—count 6). The amended information also alleged: (1) two prior strike convictions (§ 1170.12); (2) a prior prison term (former § 667.5, subd. (b)); (3) an enhancement for stalking after conviction for criminal threats or spousal abuse (§ 646.9, subd. (c)(1)); and (4) an enhancement for stalking after conviction for stalking (§ 646.9, subd. (c)(2)). A jury found defendant guilty of all counts. In bifurcated proceedings, the trial court found true the prior conviction and the prior prison term enhancement allegations.

At the sentencing hearing in June 2007, the trial court selected count 5 as the principal term and imposed a sentence of 25 years to life in state prison. The trial court imposed consecutive sentences of 25 years to life for counts 1 and 3. Each of these three terms was enhanced by one year for the prior prison term (former § 667.5). On counts 2 and 4, the court imposed concurrent terms of 25 years to life, enhanced by one year for the prior prison term. Pursuant to section 654, the court stayed the sentence on count 6. The court sentenced defendant to 78 years to life.

Defendant committed the offenses in case No. 05F3600 while on probation for convictions for stalking and making criminal threats in Shasta County case No. 03F3515. At the June 2007 sentencing hearing, the court noted probation had been revoked and sentenced defendant to four years eight months in state prison to be served consecutively to the sentence in case No. 05F3600.

In March 2023, defendant filed a motion for a full resentencing pursuant to section 1172.75 and requested appointment of counsel. The trial court appointed counsel.

At the resentencing hearing on May 25, 2023, the trial court stated that a now retired judge previously "issued a bulk order as to several cases, one of which involved [defendant], that essentially granted the relief that [it] [thought] he would be entitled to and relief [it] would have granted if th[e] hearing [] had gone forward." Specifically, that relief was "limited only to striking those three enhancements pursuant to . . . [changes made to] [s]ection 667.5[, subdivision ](b)." Defense counsel and the prosecutor suggested defendant was likely not aware of this "bulk order" because there was no minute order or amended abstract of judgment prepared. The trial court said: "So it would make sense to me to simply order that abstract and minute order be prepared for the relief that [defendant] has already been given. I don't see any other relief for which he's entitled." Both defense counsel and the prosecutor submitted.

An amended abstract of judgment filed in May 2023 reflects that the trial court struck the three one-year prior prison term enhancements but reimposed all the other original terms from the 2007 sentencing.

## II. DISCUSSION

On appeal, defendant argues the trial court prejudicially erred by failing to conduct a full resentencing as required under section 1172.75. The People concede defendant was entitled to a full resentencing and the error was prejudicial.

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which renders "legally invalid" any section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)). If a judgment includes a qualifying prior prison term enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) For example,

3

section 1172.75:  (1) creates a presumption that resentencing shall result in a lesser sentence than that originally imposed (§ 1172.75, subd. (d)(1)); (2) requires the court to apply "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)); (3) allows the court to consider postconviction factors (§ 1172.75, subd. (d)(3)); and (4) guides the court in selecting the appropriate terms (§ 1172.75, subd. (d)(4)).

Here, the trial court struck defendant's prior prison enhancements but did not conduct a full resentencing.  We reverse and remand for a full resentencing pursuant to section 1172.75.  Upon resentencing, the trial court should calculate defendant's custody credits, prepare an amended abstract of judgment, and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing].)

# III.  DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing pursuant to section 1172.75.  Upon resentencing, the trial court should prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.


/S/

_____

RENNER, J.


We concur:


/S/

_____

EARL, P. J.


/S/

_____

ROBIE, J.